**In re Franklin Wade NEIER, Jr., Debtor.**

**Franklin Wade NEIER, Jr., Plaintiff,**

v.

**Karen J. Zdunczyk NEIER, Defendant.**

Adv. No. 83–0479.

Bankruptcy No. 81–01512.

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 17, 1985.

Jerry W. Lee, Bowling Green, Ohio, for plaintiff.

Kevin Buckley, Richard A. Shinaberry, Toledo, Ohio, for defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the Plaintiff/Debtor's complaint pursuant to 11 U.S.C. § 523(a)(5) and § 524(a)(2) to enjoin the defendant, debtor's former spouse, from collecting a debt arising from a court decree in a divorce action instituted subsequent to the filing of his bankruptcy petition.

The plaintiff contends that the post petition debt should be discharged according to 11 U.S.C. § 523(a)(5) because it represented a property settlement, or should be barred from collection pursuant to 11 U.S.C. § 524(a)(2) because it actually is a pre-petition debt. The court finds that the law is clear that a discharge only applies to those debts "that arose before the date of the order for relief" as provided by § 727(b) and that this obligation was a new debt created in a divorce decree more than one year after the debtor filed his petition in bankruptcy. The court further finds that the plaintiff's debt to defendant is not discharged by these bankruptcy proceedings, and plaintiff's complaint for injunction should be dismissed with prejudice.

## FACTS

Debtor and his former spouse were married on May 16, 1980. After their marriage the parties purchased a home in Pemberville, Ohio at a purchase price of $34,500.00. The plaintiff and defendant obtained a mortgage loan from First Federal Savings and Loan Association of Wood County for the purchase of the marital home. Not long after they were married the couple began to experience financial difficulties and as a result of those problems the plaintiff/debtor alone filed a petition in bankruptcy on July 27, 1981 listing among others First Federal as a secured creditor.

The marital relationship deteriorated to the point where the debtor's spouse left the couples home in Pemberville on August 29, 1981 to return to a home she owned prior to the marriage which was located in Toledo, Ohio. Simultaneous with the move debtor's spouse filed a domestic relations action for alimony only, in Lucas County, Ohio. Meanwhile the debtor filed a divorce action on September 18, 1981 in Wood County, Ohio where the case was ultimately decided.

On December 8, 1981 the debtor was discharged in bankruptcy and on January 7, 1982 the bankruptcy court ordered the homestead property abandoned. Consequently on February 11, 1982, a foreclosure action as to the property was filed in Wood County, Ohio. The property was sold on August 26, 1982 and as a result of that sale a judgment was rendered against the defendant on September 1, 1982 in the amount of $24,124.55 with interest at the

rate of thirteen percent from the date of sale.

The Wood County Domestic Relations Court granted the plaintiff a divorce from the defendant on November 4, 1982. The judgment entry in that case provided in part as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the home jointly owned by the parties is to be sold and any proceeds therefrom shall be divided equally between the parties, except as herein provided.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that husband shall be responsible for any deficiency due on the sale of the homestead.

Following the terms of the divorce decree the defendant demanded that the debtor make arrangements to satisfy the obligation owing to First Federal. However the debtor refused to pay, maintaining that he had no obligation due to his prior discharge in bankruptcy. Thereafter First Federal obtained a judgment lien against defendant's real property in Lucas County and filed a foreclosure action against her in Lucas County Common Pleas Court.

On January 13, 1983, defendant filed a motion to show cause against the plaintiff in the divorce case in Wood County, Ohio, citing his failure to comply with the court order requiring him to indemnify her for any deficiency resulting from the sale of the Wood County residence. The plaintiff opposed the motion on the ground of his prior discharge in bankruptcy.

On April 12, 1983, defendant filed a third-party complaint against plaintiff in the Lucas County foreclosure action. Then on May 13, 1983, the Wood County Domestic Relations Court issued a memorandum decision which held in part as follows:

The court rejects the plaintiff's claim that he is immune from any responsibility to his former wife because of his bankruptcy release. The obligation to his wife was not incurred until after the divorce and was not released by the bankruptcy decree.

Also, on May 13, 1983, plaintiff filed his answer to the third-party complaint in the Lucas County foreclosure action.

Finally, the plaintiff filed a complaint in the Bankruptcy Court asking that the defendant be enjoined from collecting the debt pursuant to § 524(a)(2) and further that this Court should discharge the debt because it did not represent alimony as required by § 523(a)(5) to be an exception to discharge.

## DISCUSSION

Plaintiff directs the main thrust of his arguments to the issue of whether or not the $24,124.55 debt to plaintiff/debtor's ex spouse is an exception to discharge under 11 U.S.C. 523(a)(5) because it represents alimony, maintenance or support. Applying the various factors considered by the court in *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983) he contends that this Court must find the debt dischargeable because it was incurred for the purpose of a property settlement. He supported this position with a detailed brief citing numerous cases that were decided on the issue of whether a debt was dischargeable because it represented a property settlement, or nondischargeable due to its purpose of providing alimony or support. The one common fact present in each case cited by the plaintiff that is determinative in this matter is the order in which the debtor obtained a divorce and filed bankruptcy. In all of the cases cited by the plaintiff the bankruptcy petition was filed after the final decree of divorce. However in this case the bankruptcy petition was filed prior to the divorce action and the plaintiff was unable to cite any cases which discharged a post petition debt under circumstances similar to the ones in this matter.

■ Initially the defendant made a weak argument concerning her right to notice under § 523(a)(3) which she claims was denied by the plaintiff's failure to list her as a creditor. The notice defense crumbled under the weight of testimony at trial by both the plaintiff and defendant which established she had actual notice of the bank-

ruptcy (which is sufficient according to § 523(a)(3)) because she collaborated with the debtor on his filing. Eventually though, near the end of the memorandum, the defendant declares correctly that the crux of this matter "is that the claim sought to be enforced currently was incurred after debtor/plaintiff's discharge in bankruptcy." Thus the defendant recognized that timing is the dispositive issue in this case.

The plaintiff devoted considerable energy in an attempt to provide reasons why the Court of Common Pleas, Domestic Relations Division, Wood County made various awards. Such discussion was needless in light of the fact that the debt was incurred after the debtor filed his petition and because divorce, alimony, support and maintenance are issues within the exclusive domain of the state courts. *See Boddie v. Connecticut*, 401 U.S. 371, 389, 91 S.Ct. 780, 792, 28 L.Ed.2d 113 (1971) (Black, J. dissenting) (stating marriage and divorce are under state control). Certainly the plaintiff should know that this court does not determine which party gets the car or the family heirloom. Those decisions and the reasons for them belong to the Domestic Relations Court. The only concern the Bankruptcy Court has involving a divorce action is when one of the parties files a petition in bankruptcy seeking to discharge debts that are the result of a divorce decree. Only then does this Court become involved with the divorce action and then only to the extent necessary to differentiate between a property settlement and alimony.

The plaintiff vehemently declares in his memorandum that if this Court follows the policy of providing debtors with a fresh start, *see, e.g., Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971), then it must find this post petition debt to have been discharged in a prior bankruptcy. Somewhere the plaintiff has lost sight of the fact that a fresh start begins after the petition is filed, not at some arbitrary date selected by the debtor when he decides to get serious.

The date that triggers both the automatic stay and the fresh start cannot be arbitrary because it must provide notice in each case to both prior and potential creditors. The legislature long ago set the petition date as the time when the automatic stay takes effect to protect the debtor from pre petition creditors. The filing date also protects new creditors in that if they decide to advance credit they are assured the debtor must wait six years before seeking another discharge.

Debtors are protected from pre petition creditors after discharge by § 524(a)(2) which "operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor." However the protection provided by a discharge is only from "debts that arose before the date of the order for relief" according to § 727(b).

The only escape from such clear statutory language is to claim that the debt is not a new one but is in actuality an attempt by a pre petition creditor to enforce an old debt. Plaintiff devoted a paragraph to this task and concluded that it would be completely illogical to find this $24,124.55 deficiency is a new debt. At this point it must appear to the plaintiff that the only logic in this decision is for the Court to again disagree with his position.

At the time of his discharge the plaintiff was released from whatever obligations he owed to the bank and his wife as a co-signer. Apparently the bank understood this because it sought payment of the deficiency only from the defendant. The Court finds no evidence that the debt in question was actually a pre petition debt that had been discharged but instead it is a new post petition debt that the plaintiff owes to his former wife that is not subject to discharge in this proceeding. It is therefore,

ORDERED that the plaintiff's complaint be, and it hereby is, dismissed with prejudice.