**In re Donald Lloyd DEGNER, Debtor.**

**Bankruptcy No. 97–2176–RLB–7.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Nov. 7, 1997.

Donald H. Hurst, Anderson, IN, for creditor/Gustin.

Douglas R. Long, Anderson, IN, for debtor.

### ENTRY ON MOTION TO REOPEN

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Petition to Reopen Bankruptcy for the Purpose of Enforcing Discharge Order and Injunction Thereon ("Motion to Reopen"), filed by Donald Lloyd Degner ("Debtor") on October 29, 1997. Nancy Gustin ("Ms. Gustin") filed an objection ("Objection") to the Motion to Reopen on November 10, 1997. The Court, having reviewed the Motion to Reopen and Objection, now makes the following Entry.

The Debtor filed a petition under Chapter 7 on March 3, 1997.[1] He received a discharge on June 14, 1997, and his case was closed on June 18, 1997.

At the time of the Debtor's bankruptcy filing, the marriage of the Debtor and Ms. Gustin had not yet been dissolved. Ms. Gustin was in possession of the marital residence, which, according to her petition, had a value of approximately $78,000,[2] a first mortgage in the amount of $34,000, a second mortgage line of credit in the amount of $11,000, and a third mortgage in the amount of $28,000.[3] It is the second mortgage line of credit ("$11,000 Second Mortgage Debt"), that is now in dispute between the parties.

The Debtor listed the $11,000 Second Mortgage Debt in his petition as follows:

| Household Bank P.O. Box 88000 Baltimore, MD 21288–0001 | Purchase Money Security Line of Credit on home at 515 Slack Drive Anderson, IN 46013 | $11,000.00 |
| --- | --- | --- |

The Debtor listed Ms. Gustin in his petition as follows:

| Nancy Gustin Degner 515 Slack Drive Anderson, IN 46013 | Co-debtor on various bills | $0.00 |
| --- | --- | --- |

1. Ms. Gustin filed a separate petition under Chapter 7 on January 24, 1997, and received a discharge on May 25, 1997. *See* Case No. 97–00722–FJO–7.

2. Ms. Gustin was the sole owner of the marital residence throughout the parties' marriage.

3. Ms. Gustin executed a reaffirmation agreement with the holder of the first mortgage lien, First Home Equity, and the holder of the third mortgage lien, Huntington Bank. She did not reaffirm the second mortgage debt owed to Household Bank.

After the Debtor received his discharge and his case was closed, the parties returned to state court to finalize the dissolution of their marriage. On October 11, 1997, the state court entered an order ("Dissolution Order"), that dissolved the parties' marriage. The state court found, *inter alia,* that unbeknownst to Ms. Gustin, the Debtor had written checks totaling $10,500 on the second mortgage line of credit, even though only Ms. Gustin was authorized to write checks on the account. The state court further found that based on the Debtor's promise to not "leave her holding the bag" with respect to the $11,000 Second Mortgage Debt, Ms. Gustin had refrained from taking action to make the Debtor liable for the $11,000 debt. The state court held that the Debtor owed Ms. Gustin a debt in the amount of $11,000 ("$11,000 Dissolution Debt"), and further held that the $11,000 Dissolution Debt is not dischargeable in bankruptcy.

### The Motion to Reopen

In the Motion to Reopen, the Debtor alleges that his responsibility for both the $11,000 Second Mortgage Debt, and for the $11,000 Dissolution Debt, was discharged by his discharge entered on June 14, 1997. The Debtor further alleges that his case should be reopened, to enable him to enforce the discharge injunction and stop Ms. Gustin from collecting the $11,000 Dissolution Debt.

■ Ms. Gustin argues that the $11,000 Dissolution Debt is a post-petition debt, and consequently, was not discharged by the Debtor's June 14, 1997 discharge. Ms. Gustin's argument is well taken. The debt that the Debtor is attempting to avoid paying, *i.e.,* the $11,000 Dissolution Debt, did not exist on the date the Debtor filed his bankruptcy petition. Admittedly the $11,000 Second Mortgage Debt existed on the date the Debtor filed his bankruptcy petition, but the $11,000 Second Mortgage Debt is not identical to the $11,000 Dissolution Debt: the former is owed to Household Bank, and the latter is owed to Ms. Gustin.

The Court acknowledges that the Debtor listed Ms. Gustin in his petition, but notes that he listed her as a "co-debtor on various bills", and not as a payee of a marital debt.

He could not have so listed Ms. Gustin, of course, because no such debt existed on the date the Debtor filed his bankruptcy petition.

■ The state court had jurisdiction to award the $11,000 Dissolution Debt to Ms. Gustin, and similarly, had jurisdiction to determine the dischargeability of the $11,000 Dissolution Debt. *See In re Balvich,* 135 B.R. 327, 334 (Bankr.N.D.Ind.1991) (state courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of marital debts). If the Debtor is dissatisfied with the results obtained in dissolution court, he should pursue his remedies through the state court appellate system.

For all the foregoing reasons, the Motion to Reopen should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Motion to Reopen be, and hereby is, DENIED.