United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3119

_____

| | | |
|---|---|---|
| In re:  Stephan Marko Arleaux, | * | |
| | * | |
| Debtor, | * | |
| | * | |
| ----------------- | * | |
| | * | |
| Stephan Marko Arleaux, | * | |
| | * | Appeal from the United States |
| Appellant, | * | Bankruptcy Appellate Panel |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Selisia Arleaux, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 6, 1998
Filed:  April 22, 1998

_____

Before  BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Stephan Arleaux appeals from the Bankruptcy Appellate Panel's ("BAP") affirmance of the decision by the Bankruptcy Court[1] denying his motion to reopen his bankruptcy case. For the reasons discussed below, we affirm.

In February 1995, Mr. Arleaux filed an individual Chapter 7 bankruptcy petition; discharge was entered in May; and the bankruptcy proceeding was closed in June. In March 1996, an Iowa state court entered a decree dissolving Mr. Arleaux's marriage to Selisia Arleaux; the Iowa court ordered Mr. Arleaux to pay his former wife $150 per month for twelve months and a lump-sum amount of $1,000, and to pay one-third of his daughter's college expenses. In February 1997, Mr. Arleaux moved to reopen his bankruptcy case to have the Court determine the dischargeability of the debt resulting from the dissolution decree, and Ms. Arleaux opposed the motion. Following a hearing, the Bankruptcy Court denied the motion as a matter of law, stating that the debt from the dissolution decree arose post-petition, and that reopening the Chapter 7 estate would not benefit Mr. Arleaux. The BAP subsequently affirmed. Arleaux v. Arleaux, 210 B.R. 148 (B.A.P. 8th Cir. 1997).

Title 11 U.S.C. § 350(b) (1994) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Court has discretion to reopen a case, and this Court may reverse only for an abuse of discretion. See, e.g., Beezley v. California Land Title Co. (In re Beezley), 994 F.2d 1433, 1435 (9th Cir. 1993) (per curiam); In re Shondel, 950 F.2d 1301, 1304 (7th Cir. 1991); Citizens Bank & Trust Co. v. Case (In re Case), 937 F.2d 1014, 1018 (5th Cir. 1991).

To the extent that the debt Mr. Arleaux incurred under the dissolution decree was dischargeable, see 11 U.S.C. § 523(a)(5) (1994) (providing that alimony,

---

[1]The Honorable Russell J. Hill, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

maintenance, and support are not dischargeable), the debt arose thirteen months after he filed his petition; as such, it was new post-petition debt, and we agree with the Bankruptcy Court that reopening the case would not have afforded Mr. Arleaux any relief, <u>see</u> 11 U.S.C. § 727(b) (1994) (providing that Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief"); <u>Bush v. Taylor</u>, 912 F.2d 989, 993 (8th Cir. 1990) (en banc) (holding post-petition pension payments were not dischargeable because payments that are not yet due and payable do not represent debt under Bankruptcy Code). We conclude the Bankruptcy Court did not abuse its discretion in denying Mr. Arleaux's motion to reopen his bankruptcy case. <u>Cf.</u> <u>Hawkins v. Landmark Fin. Co. (In re Hawkins)</u>, 727 F.2d 324, 327 (4th Cir. 1984) (concluding Bankruptcy Court did not abuse discretion by refusing to reopen Chapter 7 case where debtors waited over eight months to seek to reopen case and creditors had incurred court costs and counsel fees); <u>Neier v. Neier (In re Neier)</u>, 45 B.R. 740, 741-43 (Bankr. N.D. Ohio 1985) (stating debt to former spouse arising from dissolution decree entered over one year after debtor filed bankruptcy petition was new post-petition debt and not dischargeable).

After carefully reviewing Mr. Arleaux's remaining points on appeal, we conclude they are without merit.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.