In re Larry E. MILLER, Debtor.

Larry E. Miller, Plaintiff,

v.

Deborah G. Miller, Defendant.

Deborah G. Miller, Plaintiff,

v.

Larry E. Miller, Defendant.

Bankruptcy No. 98–32982.
Adversary Nos. 99–3156, 99–3187.

United States Bankruptcy Court,
E.D. Tennessee.

Feb. 9, 2000.

Richard M. Mayer, Robert R. Rexrode, Knoxville, Tennessee, for Larry E. Miller.

Robin S. Kuykendall, Knoxville, Tennessee, for Deborah G. Miller.

## MEMORANDUM

RICHARD S. STAIR, Jr., Chief Judge.

Before the court are two adversary proceedings involving, in part, a postpetition Marital Dissolution Agreement entered into by the Debtor, Larry E. Miller, and his former wife, Deborah G. Miller. On August 20, 1999, the Debtor filed a Complaint to Stop Collection on a Dischargeable Debt averring that certain actions of Deborah G. Miller violated the discharge injunction provisions of 11 U.S.C.A.

§ 524(a) (West 1993 & Supp.1999). On October 27, 1999, Deborah G. Miller filed a Complaint under 11 U.S.C.A. § 727(d)(1) (West 1993) seeking revocation of the discharge granted the Debtor on October 28, 1998, on grounds of fraud. These actions were consolidated for trial by agreement of the parties pursuant to an Order entered in each adversary proceeding on December 30, 1999. All issues were tried before the court on February 7, 2000, on the testimony of the parties. Eleven exhibits were introduced into evidence. An Affidavit of Deborah G. Miller filed on January 3, 2000, is not part of the trial record and will not be considered for any purpose by the court. *See* FED.R.CIV.P. 43(a) (applying to cases under the Bankruptcy Code under FED.R.BANKR.P. 9017).

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (J) (West 1993).

### I

The Debtor and Deborah Miller were married in 1982 and separated in June 1997. Ms. Miller relocated to Mississippi and the Debtor retained possession of the parties' martial residence located on Luttrell Street in Knoxville, Tennessee. During the course of the marriage, considerable credit card debt was incurred by the Debtor both individually and jointly with Ms. Miller. All or a portion of the joint debt appears to have been paid by Ms. Miller, although the record does not establish any amount that she might have paid before the Debtor commenced his bankruptcy case.

At some point, again, the record does not establish when, the Debtor sued Ms. Miller for divorce in the Fourth Circuit Court for Knox County, Tennessee. Ms. Miller countersued the Debtor for divorce.

On July 2, 1998, the Debtor filed a voluntary petition under Chapter 7. He scheduled nonpriority unsecured claims totaling $94,965.00, of which $89,823.00 represents credit card debt. The Debtor does not identify those credit cards on which he

and Ms. Miller are jointly liable. He listed Ms. Miller as a nonpriority unsecured creditor with a claim in the amount of "$1.00" with a notation "Notice/Potential Claims."

After commencing his bankruptcy case on July 2, 1998, the Debtor and Ms. Miller, on August 14, 1998, executed a Marital Dissolution Agreement, which was incorporated into a divorce decree entered by the state court on August 24, 1998. The Marital Dissolution Agreement provides in material part at paragraph 7:

> Any outstanding marital debt shall be the sole and separate responsibility of the Husband and the Husband shall defend, indemnify and hold the Wife harmless therefrom. Any and all debt incurred by either of the parties from and after the time of the parties' separation in June of 1997 shall be the sole and separate responsibility of the party incurring such debt and each shall defend, indemnify and hold the other party harmless therefrom.

On October 28, 1998, the Debtor was granted his discharge.

Although the record is not totally clear on events that occurred after the divorce, it is undisputed that Ms. Miller obtained a judgment against the Debtor in the amount of $10,743.23. This judgment presumably represents a sum owing Ms. Miller under the indemnity provision of paragraph 7 of the Marital Dissolution Agreement. On August 4, 1999, Ms. Miller sought to execute on the judgment through an Application for Execution filed in the Fourth Circuit Court. On August 20, 1999, the Debtor commenced the adversary proceeding presently before the court, No. 99–3156, averring that the execution instituted by Ms. Miller was in violation of 11 U.S.C.A. § 524(a).

In support of her contention that the Debtor's discharge should be revoked under 11 U.S.C.A. § 727(d)(1), Ms. Miller avers that the Debtor failed to disclose in his schedules a number of United States Treasury Bonds either owned by Mr. Miller individually or by the parties jointly; that he did not declare interest income due him from the Internal Revenue Service upon the settlement of a claim for back taxes; that he did not share rent on properties that he collected that were jointly owned with Ms. Miller; and that he made a profit on the sale of real estate abandoned from his bankruptcy estate after he received quit claim deeds from Ms. Miller.

The issues before the court as set forth in the Pretrial Order entered on January 13, 2000, are: whether the parties' August 14, 1998 Marital Dissolution Agreement that was incorporated into the Fourth Circuit Court judgment of divorce constitutes an unenforceable reaffirmation agreement; whether Ms. Miller's execution on the judgment she received in the Fourth Circuit Court after the parties' divorce violated the permanent injunction of 11 U.S.C.A. § 524(a) such that sanctions against her are appropriate; and whether the Debtor's discharge should be revoked under 11 U.S.C.A. § 727(d)(1).

## II

The Debtor contends that the Marital Dissolution Agreement constitutes an unenforceable reaffirmation agreement. A reaffirmation agreement is a voluntary postpetition agreement between a debtor and a creditor which involves the retention of prepetition debt after the debtor's discharge. *See In re Strong*, 232 B.R. 921, 923 (Bankr.E.D.Tenn.1999) (citing *In re Pendlebury*, 94 B.R. 120, 122, 125 (Bankr. E.D.Tenn.1988)). Reaffirmation agreements are authorized under 11 U.S.C.A. § 524(c) (West 1993 & Supp.1999), which, together with 11 U.S.C.A. § 524(d) (West 1993 & Supp.1999), regulates their use. By its terms, § 524(c) governs the enforcement of "[a]n agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title...." 11 U.S.C.A. § 524(c).

A discharge in a Chapter 7 case, with certain exceptions, "discharges the debtor from all debts that arose before the date of the order for relief. . . ." 11 U.S.C.A. § 727(b) (West 1993). In a voluntary case, the filing of the debtor's bankruptcy petition "constitutes an order for relief." 11 U.S.C.A. § 301(a) (West 1993). Thus, any debt that arises postpetition is not subject to discharge under § 727(b) and an agreement concerning that postpetition debt between the debtor and the holder of the debt would not be subject to the requirements of § 524(c) or (d). This court is called upon to resolve whether the Debtor's obligation to Ms. Miller under the August 14, 1998 Marital Dissolution Agreement arose prepetition or postpetition.

Courts have consistently held that a debtor's obligation to a former spouse under a postpetition divorce decree or settlement constitutes a postpetition debt and is not dischargeable under § 727(b). *See Arleaux v. Arleaux,* 210 B.R. 148, 150 (8th Cir. BAP 1997); *Compagnone v. Compagnone (In re Compagnone),* 239 B.R. 841, 844–45 (Bankr.D.Mass.1999); *Scholl v. Scholl (In re Scholl),* 234 B.R. 636, 645 (Bankr.E.D.Pa.1999); *In re Degner,* 227 B.R. 822, 824 (Bankr.S.D.Ind.1997); *Bryer v. Hetrick (In re Bryer),* 216 B.R. 755, 760–61 (Bankr.E.D.Pa.1998); *Neier v. Neier (In re Neier),* 45 B.R. 740, 743 (Bankr. N.D.Ohio 1985). Where a divorce decree or settlement obligates the debtor to indemnify the spouse and hold the spouse harmless from debts incurred during the marriage courts recognize that the obligation to the spouse is separate from the original debt. *See Scholl,* 234 B.R. at 645; *Degner,* 227 B.R. at 824; *Bryer,* 216 B.R. at 760; *Neier,* 45 B.R. at 743. Accordingly, a debtor's postpetition obligation to hold the spouse harmless from a prepetition debt will not be subject to discharge. *See Degner,* 227 B.R. at 824; *Bryer,* 216 B.R. at 760; *Neier,* 45 B.R. at 743. Courts have expressly rejected the argument that the postpetition obligation to the spouse constitutes an attempt to collect a prepetition debt or a reaffirmation agreement.

*See Bryer,* 216 B.R. at 760; *Neier,* 45 B.R. at 743.

The Debtor's argument that the Marital Dissolution Agreement constitutes a reaffirmation agreement is without merit. The terms of that postpetition agreement, incorporated into the August 24, 1998 decree of divorce, obligate the Debtor to hold Ms. Miller harmless from the debts incurred during the marriage. That obligation to Ms. Miller arose after the Debtor filed his petition and therefore was not discharged. It is of no consequence that the obligation to Ms. Miller requires the Debtor to indemnify her from debts that he incurred with creditors prepetition. The debt at issue is a separate debt owed exclusively to Ms. Miller and not a debt owed to the original creditors whose claims have been discharged. The reaffirmation provisions of § 524(c) and (d) have no application in this matter.

Further, because the Debtor's obligation to Ms. Miller represents a postpetition obligation that was not discharged in the Debtor's bankruptcy, Ms. Miller's efforts to enforce the obligation did not violate 11 U.S.C.A. § 524(a) which enjoins any action to collect, recover, or offset discharged claims.

The Debtor's Complaint to Stop Collection on a Dischargeable Debt will be dismissed.

### III

Ms. Miller asks the court to revoke the Debtor's discharge pursuant to § 727(d)(1) of the Bankruptcy Code on the ground that it was obtained through fraud. Under this section, the court shall revoke a discharge "[o]n request of the trustee, a creditor, or the United States trustee. . . ." 11 U.S.C.A. § 727(d)(1). The burden of proof is on the party requesting revocation of the discharge by a preponderance of the evidence. *See Baumgart v. Deskins (In re Deskins),* 171 B.R. 596, 598 (Bankr. N.D.Ohio 1994); *Buckstop Lure Co. v. Trost (In re Trost),* 164 B.R. 740, 744

(Bankr.W.D.Mich.1994). Revocation of a discharge under § 727(d) "is construed liberally in favor of the debtor and strictly against those objecting to discharge." *Trost,* 164 B.R. at 743.

■ Courts have held that standing under § 727(d) is limited to those parties specified by the statute and excludes all others, including bankruptcy judges and debtors. *See, e.g., Markovich v. Samson (In re Markovich),* 207 B.R. 909, 911 (9th Cir. BAP 1997) (collecting cases); *In re Hauswirth,* 242 B.R. 95, 97 (Bankr. N.D.Ga.1999) (finding that a debtor lacks standing under § 727(d)(1)); *McIlroy Bank & Trust v. Couch (In re Couch),* 43 B.R. 56, 58 (Bankr.E.D.Ark.1984) (finding that a bankruptcy judge lacks standing to revoke a discharge, *sua sponte,* under § 727(d)(1)).

■ The relevant definition of "creditor" in the Bankruptcy Code is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor...." 11 U.S.C.A. § 101(10) (West 1993). In her Trial Brief of Deborah G. Miller filed January 31, 2000, Ms. Miller states that

[B]y reference to Tennessee marital property law, Mr. Miller owed Ms. Miller nothing before he filed his petition in bankruptcy.

If not for the postpetition marital dissolution agreement, Mr. Miller would not owe Ms. Miller reimbursement for her credit card paymen[t]s.

While Ms. Miller appears to concede that the parties' joint liability on certain of the credit card debt did not make her a creditor of her husband on July 2, 1998, the date he filed his Chapter 7 petition, the Debtor argues otherwise. He contends that Ms. Miller had a right of contribution from the Debtor for a portion of the parties' liability on their joint credit cards.

■ Under Tennessee law, "the right to contribution among contract debtors does not arise until the party actually pays more than his or her share of a joint obligation." *Young v. Kittrell,* 833 S.W.2d 505, 508 (Tenn.Ct.App.1992) (citation omitted). To state it another way,

The rule is ... that neither party is liable over for "contribution" ... until and unless the party seeking same has paid in excess of his share of the entire promissory obligation.

*Frazier v. Frazier,* 221 Tenn. 705, 430 S.W.2d 655, 660 (1968). This law of contribution applies between spouses who are contract debtors. *See id.* (applying the law of contribution to a marital contract debt); *Young,* 833 S.W.2d at 508 (same).

Here, there is no proof of whether Ms. Miller paid any portion of the credit card debt for which the parties were jointly liable prior to the commencement of the Debtor's Chapter 7 case on July 2, 1998. Based on the record, the court finds that Ms. Miller did not hold a claim against the Debtor when he commenced his bankruptcy case and she was therefore not a creditor of the Debtor. She accordingly does not have standing to prosecute the present discharge revocation action.

## IV

In summary, the Debtor's indemnification obligation to Ms. Miller under the parties' postpetition Marital Dissolution Agreement as incorporated in the Fourth Circuit Court divorce decree constitutes a postpetition debt. As such, it is not affected by the discharge granted to the Debtor on October 28, 1998. Accordingly, the Debtor's agreement to undertake the indemnification obligation did not constitute an unenforceable reaffirmation agreement under 11 U.S.C.A. § 524(c) and Ms. Miller's efforts to enforce the obligation through the state court did not violate the discharge injunction provided in § 524(a) of the Bankruptcy Code. Because the Debtor's obligations to Ms. Miller arose postpetition, she is not a creditor, as that term is defined at 11 U.S.C.A. § 101(10)(A), of the Debtor for the purposes of his bankruptcy case. Absent

status as a creditor, Ms. Miller has no standing to maintain an action seeking revocation of the Debtor's discharge under § 727(d)(1). Her action will be dismissed.