**In re Stephan M. ARLEAUX, Debtor.**

**Stephan M. Arleaux, Appellant,**

**v.**

**Selisia Arleaux, Appellee.**

**BAP No. 98–6101SI.**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Jan. 12, 1999.

Decided Feb. 1, 1999.

Stephan M. Arleaus, Des Moines, IA, pro se.

Thomas E. Leahy, Des Moines, IA, for appellee.

Before KOGER, Chief Judge, KRESSEL, and DREHER, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge.

Stephan Arleaux appeals from the October 26, 1998, order of the bankruptcy court[1] denying his motion for reconsideration of the court's earlier order denying his motion to re-open his Chapter 7 case. Because we conclude that his motion to re-open his case is barred by the doctrine of the law of the case and principles of res judicata, we affirm. Moreover, because this appeal has no basis in fact or law, we award sanctions.

## BACKGROUND

On February 7, 1995, Stephan Arleaux filed a Chapter 7 petition. He received his discharge on February 10, 1995, and the case closed as a "no-asset" case on June 27, 1995. More than two years after he received his discharge, Stephen filed a motion to re-open his case to add his former wife, Selisia Arleaux, as a creditor and to determine the dischargeability of debts to her arising from the dissolution of their marriage. The bankruptcy court found that Stephen's debt to Selisia arose post-petition and denied the motion to re-open on April 8, 1997.[2]

---

1. The Honorable Russell J. Hill, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

2. The bankruptcy court's finding was amply supported by the record, including Stephen's admissions in open court that his debt to Selisia arose post-petition. When asked by the court, based on his understanding of bankruptcy law, what debts he thought the discharge operated upon, Stephen replied, "Only those that were in place at the time of the bankruptcy, Your Honor. Although the divorce had been filed, the decision, ergo, creating the debt of alimony and child support, had not been rendered as of the time of the closure of the bankruptcy." The court then asked Stephen if it was his understanding that the discharge applied only to those debts in place as of the date he filed his petition, he replied, "Yes, Your Honor." When the court asked the Stephen when the debt was created that he now wants to discharge, he replied, "As of the date of the [dissolution] decision." Finally, after the court again went over the dates of the petition, the discharge and the state court divorce decree, it stated, "Then the discharge establishing the

In *Arleaux v. Arleaux,* 210 B.R. 148 (8th Cir. BAP 1997), we affirmed the bankruptcy court's decision, agreeing that "a discharge only applies to those debts 'that arose before the date of the order for relief' as provided by § 727(b) and that this obligation was a new debt created in a divorce decree more than one year after the debtor filed his petition in bankruptcy." On April 22, 1998, the Eighth Circuit likewise held that "[t]o the extent that the debt Mr. Arleaux incurred under the dissolution decree was dischargeable, see 11 U.S.C. § 523(a)(5) (1994) (providing that alimony, maintenance, and support are not dischargeable), the debt arose thirteen months after he filed his petition; as such, it was new post-petition debt, and we agree with the Bankruptcy Court that reopening the case would not have afforded Mr. Arleaux any relief, see 11 U.S.C. § 727(b) (1994) (providing that Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief")." *Arleaux v. Arleaux,* 149 F.3d 1186 (8th Cir.1998) (unpublished decision).

On April 27, 1998, five days after the Eighth Circuit's decision, Stephen filed a second motion to reopen his case. The bankruptcy court again denied his motion and his subsequent "motion to reconsider." Stephen appeals from the order denying his motion to reconsider, but does not appeal from the order denying his second motion to re-open. Selisia filed a motion to dismiss this appeal and for sanctions. On December 1, 1998, we denied Selisia's motion to dismiss, construed her motion for sanctions as properly arising under Fed.R.Bankr.P. 9011(c), and reserved her motion for sanctions for consideration with the merits of the appeal.

## DISCUSSION

■ Stephen's motion to reconsider[3] the order denying his motion to re-open his

Chapter 7 case was properly denied. The bankruptcy court's denial of a "motion to reconsider" is reviewed for an abuse of discretion. *See Barger v. Hayes County Non–Stock Co-op (In re Barger),* 219 B.R. 238, 243 (8th Cir. BAP 1998); *Employment Security Division v. W.F. Hurley, Inc. (In re W.F. Hurley, Inc.),* 612 F.2d 392, 396 (8th Cir. 1980) (reconsideration of order allowing or disallowing a claim), cited in *Forbes v. Forbes (In re Forbes),* 215 B.R. 183, 187 (8th Cir. BAP 1997); see also *Kohler v. Anderson,* 986 F.2d 503 (8th Cir.1993) (unpublished decision) and *Sanders v. Clemco Industries,* 862 F.2d 161, 169 (8th Cir.1988) (characterize motion for relief from judgment as motion for reconsideration, and hold that such motion does not bring the original judgment up for review and denial of motion is reviewed for abuse of discretion). Because Stephen's motion to re-open his case is barred by the doctrine of the law of the case and principles of res judicata, and because it lacks merit, the bankruptcy court did not abuse its discretion in denying the motion to reconsider its order denying the motion to re-open.

## The Law of the Case

The first time around, Stephen wanted to re-open his Chapter 7 case to add Selisia as a creditor, to add alimony and child support debt ordered by the post-petition divorce decree between Stephen and Selisia, and to determine the dischargeability of that alimony and child support debt. This time, Stephen again asked the bankruptcy court to re-open his case for the same reasons. His excuse for making the same motion again in the face of three decisions determining that it lacks merit is his desire to present more evidence this time than he did last.[4]

---

debt was after your discharge," Stephen replied, "Yes. All this occurred after the discharge." *See* Tr. at 11–15, April 8, 1997.

**3.** The Rules do not recognize any such motion. We consider the motion to be for amended findings under Fed.R.Bankr.P. 7052(b) or for a new trial or amended judgment under Fed.R.Bankr.P. 9023.

**4.** Under Fed.R.Civ.P. 60(b), made applicable to this case by Fed.R .Bankr.P. 9024, a party may

make a motion for relief from judgment in order to present new evidence. However, the evidence Stephen wishes to present is not "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." *See Kieffer v. Riske (In re Kieffer–Mickes, Inc.),* 226 B.R. 204, 210 (8th Cir. BAP 1998) (Rule 60 motion is not the vehicle for restating old complaints and rearguing old evidence).

■ Because this issue has already been litigated, the second motion is barred by the doctrine of the *law of the case*. The law of the case is a discretionary doctrine which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Little Earth of United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1440–41 (8th Cir.1986). "The doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Id.*

### Res Judicata

■ The doctrine of *res judicata* also bars Stephen from relitigating the issue of the date the alimony and child support debt arose. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Baker v. General Motors Corp.*, 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998), citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "[A]lso known as claim preclusion, [under res judicata] a final judgment on the merits *bars further claims* by parties or their privies based on the same cause of action." *See Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) (emphasis added).

■ "The doctrine of res judicata bars a party from asserting a claim if three requirements are met: (1) the prior judgment was entered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Val–U Construction Co. of South Dakota v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir.1998) (citations omitted); see also *Costner*, 153 F.3d at 673. While issues of res judicata typically arise in a second case between the same parties, it applies equally here.

■ Whether the debt ordered by the dissolution decree arose pre- or post-petition, and therefore whether re-opening the case to determine dischargeability would be a pointless exercise, has already been litigated when Stephen brought his first motion to re-open his Chapter 7 case and twice subsequently when he appealed the denial of that motion before this court and again before the Court of Appeals. Stephen's successive motion to re-open and this appeal seek to re-litigate the same, determinative question which has already been finally answered.

### The Merits

Even if the second motion to re-open was not barred by principles of the law of the case and res judicata, it was still properly denied. Stephen contends that, although his divorce decree from which the debts at issue arise was entered in Iowa state court on March 25, 1996, more than one year after he filed his Chapter 7 petition and nearly a year after he received his discharge, the debt actually arose pre-petition because an Iowa state court order for protection entered against him on January 11, 1995, ordered monthly "spousal support" payments. He further contends that the debts actually arose pre-petition because the petition for dissolution, which ultimately concluded with the divorce decree and support ordered therein, was filed by Selisia on January 31, 1995, approximately one week prior to Stephen's Chapter 7 filing.

The order for protection entered against Stephen in January, 1995, was temporary. A "permanent" order for protection resulting from Selisia's Petition for Relief from Domestic Abuse was entered by the same Iowa state court on March 15, 1995. The March order continued the spousal support obligation of the temporary January order: "Defendant shall continue to pay $100 per month on the 21st of each month until the dissolution decree is entered."

The domestic abuse case and the dissolution proceedings were not the same proceedings, however. Accordingly, the debt created by the protective orders, which are plainly two parts of the same proceeding commenced pre-petition, would be the only debt the dischargeability of which Stephen could have attempted to challenged in his bankruptcy

proceeding. Nevertheless, he did not schedule Selisia as a creditor nor did he claim the spousal support debts were dischargeable; rather, he made each payment as required by the respective orders. Accordingly, even if that debt arose pre-petition, the issue is moot because Stephen has long since paid it in full.

◼ Finally, Stephen's contention that the debt resultant from the dissolution decree originated on January 31, 1995, when the petition for dissolution was filed also lacks merit. A petition is just a petition; where the process concludes is not a certainty. Stephen's debt, or liability on a claim, arose at the time Selisia's claim, or right to payment, accrued. *See McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740–41 (8th Cir.1996) (claim does not arise in bankruptcy until a cause of action has accrued under non-bankruptcy law). Selisia's right to payment of alimony and child support accrued at the time of the decree dissolution ordering alimony and child support, on March 25, 1996, more than a year after Stephen filed his Chapter 7 petition. *See Ellis v. Ellis (In re Ellis)*, 72 F.3d 628, 633 (8th Cir.1995) (debtor's obligation was pre-petition because debt arose at time of dissolution decree and not on dates installment payments were due); *Bush v. Taylor*, 893 F.2d 962, 965 (8th Cir.1990) (marital dissolution debt came into existence when the state court made the debtor spouse liable on the claim); *Neier v. Neier (In re Neier)*, 45 B.R. 740, 742–43 (Bkrtcy.N.D.Ohio 1985) (bankruptcy petition filed prior to obtaining a divorce does not discharge debts arising from the divorce decree).

As we and the Court of Appeals have already explained, and as we explain again here, Stephen's debt to his former spouse arising from the dissolution decree entered after he filed his bankruptcy petition is new post-petition debt and as such is not subject to his discharge. *Arleaux v. Arleaux*, 210 B.R. 148 (8th Cir. BAP 1997); *Arleaux v.*

*Arleaux*, 149 F.3d 1186 (8th Cir.1998) (unpublished decision).

### Sanctions

Selisia has moved for an award of sanctions against Stephen. While we acknowledge that Stephen has proceeded *pro se*, we also appreciate that his *pro se* status has been respected at all stages of the proceedings. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hilgeford v. Peoples Bank*, 776 F.2d 176 (7th Cir.1985) (court holds a pro se litigant's briefs to a lower standard than those prepared by counsel); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986) (one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets).

Rule 9011(b)(2) provides that when an attorney or unrepresented party presents a petition, pleading, written motion or other paper, the attorney or party is certifying that to the best of the attorney's or the party's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. *See* Fed.R.Bankr.P. 9011. Rule 9011(c) authorizes the court to impose sanctions for violations of 9011(b).

◼ While he is pro se, Stephen is clearly intelligent and articulate. It must be obvious to him, as it would be to any other pro se litigant, that once you have litigated and lost, you are not entitled to make the same claim again.[5] In order to deter him from further frivolous conduct, we award Selisia $100 in sanctions against Stephen.

### CONCLUSION

Because the debtor's motion is barred by principles of the law of the case and res judicata, and in any event lacks merit, we affirm the bankruptcy court's order denying

---

5. That this appeal is frivolous is especially obvious because the issue underlying Stephen's repeated attempts to re-open his case is also without merit. If his case were reopened, the debts that Stephen would seek to have made subject to his discharge are debts in the nature of alimony and support, which are expressly excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

the debtor's motion to reconsider its order denying the second motion to re-open his case. Because we conclude that the debtor's appeal has no basis in fact or law and therefore violates Rule 9011(b), we award the appellee $100 in sanctions. Finally, the debtor's motion for disciplinary action against appellee's counsel is without merit and is accordingly denied.