In re Ronald P. COMPAGNONE,
Debtor.

Jane E. Compagnone, Plaintiff,

v.

Ronald P. Compagnone, Defendant

Bankruptcy No. 99–10385–WCH.
Adversary No. 99–1167.

United States Bankruptcy Court,
D. Massachusetts.
Eastern Division.

Sept. 21, 1999.

Richard W. Gannett, Gannett & Associates, Boston, MA, for Jane E. Compagnone.

Albert C. Conti, Arlington, MA, for Debtor.

DECISION ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

WILLIAM C. HILLMAN, Chief Judge.

The matter before the Court is Ronald P. Compagnone's Motion for Summary

Judgment. For the reasons stated below, the motion is granted as to Counts I though V and denied as to Count VI.

## I. *Background*

On January 19, 1999, Ronald P. Compagnone (the "Debtor" or "Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. At that time, the Debtor and his wife, Jane E. Compagnone (the "Plaintiff"), were in the process of obtaining a divorce in the Norfolk Division of the Probate and Family Court Department (the "Probate Court"). In the divorce proceeding, the Plaintiff sought alimony and an equitable division of marital property. She obtained from the Probate Court an attachment on the Debtor's property in the amount of $60,000.

On April 19, 1999, the Plaintiff initiated this adversary proceeding objecting to the dischargeability of certain debts and objecting to the Debtor's discharge. In her complaint, the Plaintiff asks that the Debtor's discharge be denied because he transferred property with the intent to hinder, delay, or defraud creditors, *see* § 727(a)(2) [Count I]; he knowingly and fraudulently made a false oath, *see* § 727(a)(4)(A) [Count II]; and he failed to explain satisfactorily a loss of assets, *see* § 727(a)(5) [Count III]. She also asks me to hold that her claim for alimony is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) [Count IV]; that her claims related to the pending divorce, other than those excepted from discharge under § 523(a)(5), are nondischargeable pursuant to § 523(a)(15) [Count V]; and that her claim against the Debtor for his alleged misappropriation of proceeds of a second mortgage is nondischargeable as a "willful and malicious injury" to her pursuant to § 523(a)(6) [Count VI].

## II. *Summary Judgment Standard*

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(c); *DeNovellis v. Shalala*, 124 F.3d 298, 305 (1st Cir.1997). "The moving party bears the burden of showing the 'absence of evidence to support the non-moving party's position.'" *M–R Sullivan Mfg. Co., Inc. v. Sullivan (In re Sullivan)*, 217 B.R. 670, 673 (Bankr.D.Mass.1998) (quoting *Weiss v. Blue Cross Blue Shield*, 206 B.R. 622, 624 (1st Cir. BAP 1997)).

## III. *Discussion*

■ Treating the last as first, the Plaintiff's Count VI alleges in cursory fashion that the Defendant caused her wilful and malicious injury in the manner in which he utilized the proceeds of a second mortgage on the marital home. *See* 11 U.S.C. § 523(a)(6). That claim is independent of the issues arising from the marital litigation. Because the affidavits of the parties presented conflicting facts with respect to this claim, summary judgment must be denied as to Count VI. The other counts cannot be treated in this summary fashion, and the remainder of this decision relates to Counts I through V.

In his Motion for Summary Judgment, the Debtor argues, *inter alia*, that the Plaintiff lacks standing as a "creditor" to bring this adversary proceeding.

■ In order to have standing to object to the Debtor's discharge and the dischargeability of certain debts, the Plaintiff must be a "creditor" within the meaning of the Bankruptcy Code. *See* Fed. R. Bankr.P. 4007(a) ("A debtor or *any creditor* may file a complaint to obtain a determination of the dischargeability of any debt.") (emphasis added); 11 U.S.C. § 727(c)(1) ("The trustee, *a creditor*, or the United States trustee may object to the

granting of a discharge.") (emphasis added). The Bankruptcy Code defines a "creditor" as an entity that has a pre-petition claim. *See* § 101(10). The question, therefore, is whether the Plaintiff had a "claim" as of the petition date.

■ The Bankruptcy Code defines a "claim" as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

The legislative history of § 101(5) indicates that this definition "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the Bankruptcy Court." H.R.Rep. No. 595, 95th Cong.2d Sess. 309, *reprinted in* 1978 U.S.C.C.A.N 5963, 6266; S.Rep. No. 989, 95th Cong., 2d Sess. 21–22, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5807–08.

The Plaintiff argues that she is a "creditor of the debtor by virtue of the fact that there is a strong likelihood of the ... Probate and Family Court ... granting alimony or a division of the marital assets to [Plaintiff]."[1] It is true that these interrelated demands for alimony and a division of property are often part of "the scheme by which a final resolution of the financial affairs of the divorcing couple are settled ...." Kindregan and Inker, 2 MASSACHUSETTS PRACTICE § 38.2 at 571 (2d ed.1996). Furthermore, Plaintiff's argument is bolstered by the fact that the Probate Court awarded the Plaintiff an attachment on the Debtor's property in the amount of $60,000, presumably in accordance with MASS. GEN. LAWS ch. 208, § 12.[2] As provided by the Massachusetts Rules of Civil Procedure, property may be attached only "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment...." Mass. R. Civ. P. 4.1(c).

While it is apparent from the definition of "claim" in § 101(5) and the legislative history that Congress intended an expansive definition of the term, "the question is, how far can the concept of 'claim' be expanded?" *In re Piper Aircraft Corp.*, 162 B.R. 619, 623 (Bankr.S.D.Fla.), *aff'd*, 168 B.R. 434 (S.D.Fla.1994), *aff'd sub nom., Epstein v. Official Comm. of Unsecured Creditors (In re Piper Aircraft Corp.)*, 58 F.3d 1573 (11th Cir.1995). Despite the possibility or even probability that the Plaintiff will be awarded some measure of relief in the Probate Court, she does not presently have a right to payment. As Judge Kenner observed, while a claim in bankruptcy encompasses even *contingent* rights to payment, "for [that] term to have meaning, it must have limits." *In re CD Realty Partners*, 205 B.R. 651, 656 (Bankr. D.Mass.1997). Citing philosopher Martin Heidegger, she explained that a contingent right to payment "might be said to exist somewhere on a continuum between being and not being. At some point on that continuum, a right to payment becomes so contingent that it cannot fairly be deemed

---

1. Plaintiff Jane E. Compagnone's Amended Memorandum in Support of her Opposition to Defendant Ronald P. Compagnone's Motion for Summary Judgment at 2.

2. That section provides:
Upon an action for divorce by either spouse for a cause accruing after marriage, the real and personal property of the other spouse may be attached to secure suitable support and maintenance to the plaintiff and to such children as may be committed to his care and custody.
MASS. GEN. LAWS ch. 208, § 12.

a right to payment at all." *Id.* The Plaintiff simply does not have a right to payment until the Probate Court issues an order creating such a right.

This holding is in accord with the holding of a recent decision of the Bankruptcy Appellate Panel for the Eighth Circuit, which affirmed a bankruptcy court's denial of a debtor's motion to re-open his Chapter 7 case to add his former wife as a creditor. *See Arleaux v. Arleaux (In re Arleaux )*, 229 B.R. 182, 183 (8th Cir. BAP 1999). In that case, the debtor was indebted to his former wife as a result of a support order arising from the dissolution of their marriage. *Id.* At the time the debtor filed his bankruptcy petition, the divorce proceeding was pending but the support order had not yet been entered. *Id.* at 185. In support of reopening, the debtor argued that his former wife's claim arose when she filed the petition for dissolution of the marriage. *Id.* at 186. Rejecting that argument, the panel explained that "[a] petition is just a petition; where the process concludes is not a certainty. . . . [A] right to payment of alimony and child support [does not accrue until] the time of the decree dissolution ordering alimony and child support. . . ." *Id.* Accordingly, it held that, on the date of the bankruptcy filing, the debtor's former wife did not have a "claim." *Id.*

Almost every other court which has considered this issue has come to the same conclusion. *See Scholl v. Scholl (In re Scholl )*, 234 B.R. 636, 642–43 (Bankr. E.D.Pa.1999) ("[W]hile rights to equitable distribution vest against marital property upon the filing of a divorce action, only the entry of an agreement of the parties or an equitable distribution order can create enforceable rights as against a spouse, and thus potentially give rise to a 'right to payment.' "); *In re Degner*, 227 B.R. 822, 824 (Bankr.S.D.Ind.1997) (prepetition divorce complaint did not give rise to a claim); *Harman v. Sorlucco (In re Sorlucco )*, 68 B.R. 748 (Bankr.D.N.H.1986) (prepetition transfers not for "antecedent debts" as debts arose only on final divorce decree); *Harding v. Murray*, 623 A.2d 172 (Me.1993) (alimony request in pending divorce proceedings was not a "claim"); *but see Phillips v. Phillips (In re Phillips )*, 175 B.R. 901 (Bankr.E.D.Tex.1994).[3] While I agree with the conclusion reached by these courts, I arrive at that result by a somewhat different route.

Divorce proceedings in Massachusetts are equitable in nature. The statute confers broad discretion upon the probate court to award alimony or make an equitable division of property based upon the statutorily prescribed factors.[4] *See Early*

**3.** The Plaintiff's reliance on *Thibodeaux v. Olivier*, 819 F.2d 550 (5th Cir.1987) is misplaced. In that case, the Court of Appeals for the Fifth Circuit held that a personal injury plaintiff was a "creditor" even though he had not obtained a judgment against the debtor at the time of the bankruptcy filing. *See id.* at 552–53. The court explained that the personal injury claimant's "claim 'arose' . . . when the accident occurred." *Id.* I do not disagree with that holding. While in the personal injury context, it makes sense to speak of "the time when the acts giving rise to the alleged liability were performed," *In re Johns–Manville Corp.*, 57 B.R. 680, 690 (Bankr.S.D.N.Y. 1986), the same can not be said of the liabilities which may arise from the dissolution of a marriage.

**4.** The applicable statute provides, in relevant part:

In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. In fixing the nature and value of the property to be so assigned, the court shall also consider the present and future needs of the dependent children of the marriage. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit.

*v. Early,* 413 Mass. 720, 727, 604 N.E.2d 17, 22 (1992).

A creditor is the holder of a "claim" against the debtor. 11 U.S.C. § 101(10)(A). Equitable rights are claims if they fall within the scope of 11 U.S.C. § 101(5)(B) quoted above.

As Judge Queenan pointed out in *In re Perry,*[5] the equitable rights in the property of the other spouse which arise in the context of a marital dissolution are not awarded "for breach of performance," but rather are awarded based upon the equities of the case under the standards prescribed by the statute. Whatever equitable rights the Plaintiff may have at this early stage of the proceedings, they do not arise from a breach of performance by the debtor as required by 11 U.S.C. § 101(5)(B). Lacking a claim, she is not a creditor.

IV. *Conclusion*

Because I find that the Plaintiff lacks standing as a "creditor" to bring Counts I through V, the Debtor's motion for summary judgment is granted as to those counts and, for the reason stated above, denied as to Count VI. A pretrial conference will be scheduled as to Count VI.

MASS. GEN. LAWS ch. 208, § 34.

5.   131 B.R. 763, 766 (Bankr.D.Mass.1991).