In re Patricia A. PARKER, Debtor.

Eric R.-T Roost, Trustee, Plaintiff,

v.

John B. Wilber, Defendant and 3rd Party Plaintiff,

v.

Robert Scott, Gary Norman, and Scott & Norman, PC, 3rd Party Defendants.

Bankruptcy No. 697–64879–FRA7. Adversary No. 98–6311–FRA.

United States Bankruptcy Court, D. Oregon.

Nov. 3, 1999.

Eric R.–T Roost, Eugene, OR, for plaintiff/trustee.

Stanley Cram, Eugene, OR, Michael McClinton, Salem, OR, for defendants.

## OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

Plaintiff filed a motion for summary judgment on counts I and III of his complaint. Defendant filed a response to Plaintiff's motion and, through the motions of third-party defendants, a cross-motion for summary judgment on all counts. For the reasons that follow, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.

### BACKGROUND

The essential facts in this case are a matter of public record, and are not disputed. The Debtor and Defendant (Debtor's ex-husband) divorced in May 1997 pursuant to a stipulated decree of dissolution entered in Benton County Circuit

Court. The decree awarded the subject real property located in Jefferson to the Defendant. In anticipation of the stipulated decree, the Debtor on April 17, 1997 executed and delivered to Defendant a deed to Debtor's one-half interest in the real property. The deed was filed in the wrong county, so the Debtor was required to execute and deliver another deed on May 23, 1997. The second deed was recorded in Marion County on June 9, 1997. The Debtor then filed bankruptcy on August 22, 1997.

### Complaint and Amendments

The Trustee's complaint sets out three claims for relief: 1) avoidance of the June 9 transfer as a preferential transfer under Code § 547, 2) avoidance of the June 9 transfer as constructively fraudulent under § 548(a)(1)(B), and 3) sale of the entire property free of the interest of the Defendant. In his memorandum in support of his motion, the Trustee moved to add a fourth claim for relief: avoidance of Defendant's one-half interest in the real property under the trustee's strong-arm powers as a bona fide purchaser under Code § 544(a)(3). The Trustee also conceded, in response to the Defendant's cross-motion for summary judgment, that Count II, alleging a fraudulent transfer, should be dismissed.

## DISCUSSION

### Motion for Summary Judgment

As noted, Plaintiff, Defendant, and Third–Party Defendants all seek entry of a judgment as a matter of law, pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56. The rule provides that judgment must be entered in favor of a party which demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I find that there is no dispute as to the material facts, and that Defendant prevails as a matter of law.

### Preferential Transfer

■ In order to avoid the June 9 transfer as preferential under § 547, the Plaintiff must prove the following elements:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

All elements of § 547 must be present in order to avoid the transfer. Because the transfer (the recording of the deed on June 9) was not made to a creditor, or on account of an antecedent debt, the Trustee's claim under § 547 must fail.

A "debt" is defined by the Code at § 101(12) as "liability on a claim." Under the Code there are two types of claim. The first type is a right to payment. Because the transfer that the Trustee seeks to set aside was a conveyance of an interest in real property, the first type of claim does not apply in this case.

The second type of claim is a "right to an equitable remedy for breach of perfor-

mance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(B).

■ As a matter of law, a division of marital property under Oregon law by way of a non-collusive decree of dissolution is not avoidable as a preferential transfer. Oregon law provides that

> Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of coownership, and a transfer of marital assets pursuant to a decree of annulment or dissolution . . . . shall be considered a partition of jointly owned property.[1]

O.R.S. 107.105. The property distribution is deemed effective "for all purposes" when the decree is filed. O.R.S. 107.105(3).

A "partition of jointly held property" is not a transfer on account of a debt, antecedent or otherwise. The effect of a decree of dissolution is to make a determination of the rights of the parties in such property, in light of the requirement of O.R.S. 105.107 that such property be equitably divided between them. The determination, and the consequent division of assets, do not constitute a transfer to a creditor on account of an antecedent debt. *See In re Sorlucco*, 68 B.R. 748, 752 (Bankr.D.N.H.1986)(a divorce court's jurisdiction to dispose of property is not based on the parties' debts or legal rights to property, but is incident to its power to dissolve their marriage), *In re Perry*, 131 B.R. 763, 766 (Bankr.D.Mass.1991), *In re Compagnone*, 239 B.R. 841 (Bankr.D.Mass. 1999). Divorce proceedings in Massachusetts, like those in Oregon, are equitable in nature. *Compagnone,* at 844. The *Com-*

*pagnone* and *Perry* courts held that the equitable rights of each party in property held by either arises in the context of the dissolution, and depends on the equities of the case. The rule is the same in Oregon. Oregon Courts are required to distribute property in a manner that is "just and proper in all the circumstances." O.R.S. 107.105(1)(f). In so doing, Oregon courts attempt to disentangle the parties' finances, and to leave them, as much as possible, independent of each other. *Matter of Marriage of Short*, 155 Or.App. 5, 15, 964 P.2d 1033, 1039 (1998). The division of property is not an award "for breach of performance," and is therefore not a claim under Code § 101(5)(B). The division of marital property is not intended as satisfaction of any claims, or to remedy breaches of prior duties. *See Matter of Marriage of Koch*, 58 Or.App. 252, 648 P.2d 406 (1982)(Court has no authority to award damages for injuries sustained by one spouse at the hands of the other). Property division does not give rise to a claim under Code § 101(5)(B), and parties to whom property is awarded are not creditors under Code § 101(10).

■ At the time the deed was recorded, the Debtor's interest was subject to the decree's provision that the property was distributed to the Defendant. The transfer by decree has the same effect as a transfer creating a resulting trust. O.R.S. 107.105(3). Therefore, the estate's interest, had the deed not been recorded, would be limited to the bare legal title, subject to the Debtor's obligation to convey the property absolutely to the Defendant. *Grassmueck, Inc. v. Food Industries Credit Union*, 127 B.R. 869, 872 (Bankr.D.Or.1991). It follows that the transfer did not allow Defendant to receive more than he would had the deed not been recorded: he would be entitled to the same conveyance from

---

1. The phrase "marital assets" describes any property, real or personal, acquired by either of the parties to the marriage, or both, during the marriage. *Matter of Marriage of Troffo*, 151 Or.App. 741, 951 P.2d 197 (1997). The

Defendant's affidavit says that he has maintained his business on the subject property since 1995 or 1996, strongly suggesting that it was acquired some time after the parties' marriage in 1982.

the Trustee as he eventually got from the Debtor.

Finally, the Trustee argues that Defendant was a creditor, because the divorce decree requires Debtor to hold the Defendant harmless from various obligations. The record does not establish that Debtor had failed to comply with this requirement, so as to create a claim in favor of Defendant. Moreover, the transfer of the real property by the decree cannot be said to be "on account of" debts created by the decree itself.

In addition, it appears that there was no "breach of performance" by the Debtor which would give rise to a right to payment (i.e. she did everything she was required to do under state law and the divorce decree). Having actually received the deed from Debtor, the Defendant thereafter had no claim against the Debtor and there was, therefore, no antecedent debt. *See Raleigh v. Haskell (In re Haskell),* 1998 WL 809520 (Bankr.N.D.Ill.1998)(citing to *Busconi v. Vaudreuil,* 177 B.R. 153, 159 (Bankr. D.Mass.1995)).

*Lien Avoidance Under § 544(a)(3)*

■ The Trustee concedes that under state law the Debtor possessed only a legal, and not an equitable, interest in the property at the time the deed was recorded in Marion County. Thus, were the Trustee able to avoid the June 9 transfer as preferential[2], he would step into the shoes of the Debtor with respect to the property and possess only the legal interest in the property with the obligation to convey it to the Defendant. Coming to this conclusion himself, the Trustee seeks to add a fourth claim for relief to his complaint[3] to avoid the June 9 transfer under Code § 544(a)(3). As I understand

the Trustee's argument, he may first avoid the transfer of the legal interest in the property as preferential under § 547. He then steps into the shoes of a hypothetical bona fide purchaser of the property which perfected its interest in the property at the petition date without notice of the Debtor's transfer of her equitable one-half interest in the property to the Defendant. *See* Code § 544.

The Trustee relies on *In re CLearwater,* 1997 WL 101975 (Bankr.D.Or.1997)[4]. *CLearwater* involved a property settlement agreement which was incorporated in a dissolution judgment. The judgment required that the parties execute all documents necessary to effect the transfer of property called for in the agreement, including certain jointly held property awarded to the wife. The husband did not file the required documents prior to filing bankruptcy and the trustee sought to use the strong-arm powers of § 544(a)(3) to avoid the transfer of the husband's interest in the property to the wife. The court concluded that a hypothetical bona fide purchaser of the property would not have had constructive notice at the petition date of the transfer of husband's interest in the property which had been effected by the dissolution judgment. The trustee thus succeeded to a one-half interest in the subject property.

In the present case, unlike *CLearwater,* the transfer was perfected prior to the petition date by the June 9 recording of the deed in Marion County. A bona fide purchaser at the petition date would be on notice of the transfer and could not take an interest superior to the transferee.

In effect, the Trustee is trying to take parts of two separate Code Sections and weld them together in order to avoid the

---

2. Which, as discussed earlier, he is not able to do.

3. Because it does not affect the outcome, I discuss the merits of the new Count IV despite the irregularity of including a motion to amend the complaint in the middle of a mem-

orandum in support of a motion for summary judgment, and the filing of the amended complaint without leave.

4. The case is reported in Westlaw, but not the Bankruptcy Reporter.

effects of the decree, the delivery of the deed, and its subsequent transfer. He contends that, once the recording is set aside as a preference under § 547, he can then employ § 544(a)(3) to roll back and avoid the delivery and the decree as could a bona fide purchaser whose interest arose before any deed had been recorded. However, avoidance of the perfection of a transfer under Code § 547 does not operate retroactively so as to allow avoidance of the original transfer under § 544(a)(3). The deed actually was recorded at the date of the petition for relief, and cannot be avoided under § 544. Even if the June 9 transfer could later be avoided as preferential, that would not automatically eliminate the notice effect of the recording for purposes of a hypothetical bona fide purchaser at the petition date.

### CONCLUSION

The Trustee cannot make a prima facie case under 11 U.S.C. § 547 under his first claim for relief and has conceded that his second claim for relief should be dismissed. The fourth claim for relief is also untenable, and must be denied. An order will therefore be entered denying Trustee's motion for summary judgment and granting Defendant's cross-motion for summary judgment.[5]

Counsel for Third–Party Defendants shall submit a form of judgment consistent with this opinion.

---

5. The Trustee has filed a motion to strike certain affidavits, or portions of affidavits, submitted in support of Defendant's and Third–Party Defendants' motions. The allegations attacked by the motion were not necessary to this decision. However, the motion was not timely, and should be denied.